1  TOMIO B. NARITA (SBN 156576)
   tnarita@snllp.com
2  ARVIN C. LUGAY (SBN 242599)
   alugay@snllp.com
3  SIMMONDS & NARITA LLP
   44 Montgomery Street, Suite 3010
4  San Francisco, CA 94104-4816
   Telephone: (415) 283-1000
5  Facsimile:  (415) 352-2625

6  Attorneys for defendants
   Cavalry SPV I, LLC, and
7  Winn Law Group, APC

8

9              UNITED STATES DISTRICT COURT

10           SOUTHERN DISTRICT OF CALIFORNIA

11

12 WILLIAM PACE,                  )  CASE NO.  12CV-0527-LAB-NLS
                                  )
13              Plaintiff,        )
                                  )
14                                )  **ANSWER TO FIRST AMENDED**
        vs.                       )  **COMPLAINT**
15                                )
                                  )
16                                )
                                  )
17 CAVALRY SPV I, LLC and Winn    )
   Law Group, A Professional      )
18 Corporation,                   )
                                  )
19              Defendants.       )
   _____  )

20

21

22

23

24

25

26

27

28

1    Defendants WINN LAW GROUP, APC ("Winn") and CAVALRY SPV I,

2  LLC ("Cavalry") (collectively "Defendants") hereby submit the following Answer to

3  the First Amended Complaint (the "FAC") filed in this action by plaintiff WILLIAM

4  PACE ("Plaintiff"):

5    1.    In answering Paragraph 1 of the FAC, Defendants aver that the contents

6  of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*., are self-

7  explanatory.  Except as herein admitted, the remaining allegations of Paragraph 1 are

8  denied.

9    2.    In answering Paragraph 2 of the FAC, Defendants aver that the

10 reasoning behind California legislation is self-explanatory.   Except as herein

11 admitted, the remaining allegations of Paragraph 2 are denied.

12    3.    Denied.

13    4.    In answering Paragraph 4 of the FAC, Defendants aver that no response

14 is required of them.

15    5.    In answering Paragraph 5 of the FAC, Defendants aver that no response

16 is required of them..

17    6.    Denied.

18    7.    Denied.

19    8.    In answering Paragraph 8 of the FAC, Defendants admit that Plaintiff

20 alleges that jurisdiction arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and

21 28 U.S.C. § 1367 for supplemental state claims.  Except as herein admitted, the

22 remaining allegations of Paragraph 8 are denied.

23    9.    Denied.

24    10.    In answering Paragraph 10 of the FAC, Defendants admit that Plaintiff

25 alleges that because Defendants do business within the State of California, personal

26 jurisdiction is established.  Except as herein admitted, the remaining allegations of

27 Paragraph 10 are denied.

28 //

11.     In answering Paragraph 10 of the FAC, Defendants admit that Plaintiff alleges venue is proper pursuant to 28 U.S.C. § 1391.  Except as herein admitted, the remaining allegations of Paragraph 11 are denied.

12.     Denied.

13.     In answering Paragraph 13 of the FAC, Defendants admit on information and belief that Plaintiff is a natural person who resides in the City of Escondido, County of San Diego, State of California.  Except as herein admitted, the remaining allegations of Paragraph 13 are denied.

14.     Denied.

15.     In answering Paragraph 15 of the FAC, Defendants admit that Winn is located in the City of Fullerton, State of California.  Except as herein admitted, the remaining allegations of Paragraph 15 are denied.

16.     In answering Paragraph 16, Defendants lack sufficient knowledge to form a belief as to whether Plaintiff's financial obligation was incurred primarily for personal, family or household purposes and therefore can neither admit nor deny whether Plaintiff qualifies as a "consumer" as defined by 15 U.S.C. § 1692a(3). Except as herein admitted, the remaining allegations of Paragraph 16 are denied.

17.     In answering Paragraph 17 of the FAC, Defendants admit that they have, at times, acted as a "debt collector" as defined by 15 U.S.C. § 1692a(6).  Except as herein admitted, the remaining allegations of Paragraph 17 are denied.

18.     Admitted.

19.     In answering Paragraph 19 of the FAC, Defendants lack sufficient knowledge to form a belief as to whether Plaintiff's financial obligation at issue was incurred primarily for personal, family or household purposes and therefore can neither admit nor deny whether it qualifies as a "debt" as defined by 15 U.S.C. § 1692a(5) and on that basis, deny the allegations.  Except as herein admitted, the remaining allegations of Paragraph 19 are denied.

//

20.    In answering Paragraph 20 of the FAC, Defendants admit that sometime before January 2012, Plaintiff fell behind in the payments owed on the financial obligation at issue in this action.  Except as herein admitted, the remaining allegations of Paragraph 20 are denied.

21.    In answering Paragraph 21 of the FAC, Defendants admit that Plaintiff's financial obligation was assigned, placed, or otherwise transferred to Cavalry for collection.  Except as herein admitted, the remaining allegations of Paragraph 21 are denied.

22.    In answering Paragraph 22 of the FAC, Defendants admit that Cavalry retained Winn to proceed with legal action against Plaintiff for the collection of Plaintiff's financial obligation.  Except as herein admitted, the remaining allegations of Paragraph 22 are denied.

23.    In answering Paragraph 23 of the FAC, Defendants admit that Winn filed a case on behalf of Cavalry against Plaintiff on January 9, 2012, in the Superior Court of California, County of San Diego, case number 37-2012-00050087-CU-CL-NC.  Except as herein admitted, the remaining allegations of Paragraph 23 are denied.

24.    Denied.

25.    In answering Paragraph 25 of the FAC, Defendants admits that in the action they filed on January 9, 2012, they brought causes of action for Account Stated and Money Lent.  Except as herein admitted, the remaining allegations of Paragraph 25 are denied.

26.    Denied.

27.    Denied.

28.    Denied.

29.    Denied.

30.    Denied.

31.    Denied.

32.    Denied.

1  33.    Denied.

2  34.    Denied.

3  35.    Denied.

4  36.    In answering Paragraph 36 of the FAC, Defendants incorporate by

5  reference paragraphs 1 through 35 above as if fully set forth herein.

6  37.    Denied.

7  38.    In answering Paragraph 38 of the FAC, Defendants deny all allegations

8  therein and deny that Plaintiff is entitled to any relief requested.

9

10  **AFFIRMATIVE DEFENSES**

11  As and for separate affirmative defenses to the FAC, Defendants allege as

12  follows:

13

14  **FIRST AFFIRMATIVE DEFENSE**

15  **(Failure to State a Claim)**

16  The allegations of the FAC fail to state a claim against Defendants upon which

17  relief can be granted.

18

19  **SECOND AFFIRMATIVE DEFENSE**

20  **(Statute of Limitations/Laches)**

21  The purported claims set forth in the FAC are barred in whole or in part by the

22  applicable statutes of limitation and/or the equitable doctrine of laches.

23

24  **THIRD AFFIRMATIVE DEFENSE**

25  **(Bona Fide Error)**

26  To the extent that any violation of law occurred, which Defendants expressly

27

28

1  deny, said violation was not intentional and resulted from a bona fide error

2  notwithstanding the maintenance by Defendants of procedures reasonably adapted to

3  avoid any such error.

4

5                    **FOURTH AFFIRMATIVE DEFENSE**

6                          **(Unclean Hands)**

7          The allegations in the FAC and relief requested are on information and belief

8  barred in whole or in part by the doctrine of unclean hands.

9

10                     **FIFTH AFFIRMATIVE DEFENSE**

11                        **(No Willful Conduct)**

12         Defendants acted in good faith at all times in its dealings with Plaintiff, and if

13  any conduct by Defendants is found to be unlawful, which Defendants expressly

14  deny, such conduct was not willful and should not give rise to liability.

15

16                     **SIXTH AFFIRMATIVE DEFENSE**

17                         **(Failure to Mitigate)**

18         Plaintiff, although under a legal obligation to do so, has failed to take

19  reasonable steps to mitigate any alleged damages that he may have and is therefore

20  barred from recovering damages, if any, from Defendants.

21

22                   **SEVENTH  AFFIRMATIVE DEFENSE**

23                            **(Waiver)**

24         Plaintiff has waived his rights, if any, to recover the relief he seeks in the FAC

25  based upon his own conduct and admissions with respect to the financial

26  obligation at issue.

27  //

28  //

**EIGHTH AFFIRMATIVE DEFENSE**

**(Good Faith)**

Defendants have, at all material times with respect to Plaintiff, acted in good faith in an effort to comply fully with all relevant federal and state laws.

**NINTH AFFIRMATIVE DEFENSE**

**(Apportionment)**

Without admitting that any damages exist, if damages were suffered by Plaintiff as alleged in the FAC, those damages were proximately caused by and contributed by persons other than Defendants.  The liability, if any exists, of Defendants and/or any responsible parties, named or unnamed, should be apportioned according to their relative degrees of fault, and the liability of Defendants should be reduced accordingly.

**TENTH AFFIRMATIVE DEFENSE**

**(Supervening Cause)**

The causes of action in the FAC are barred, in whole or in part, to the extent that any injury or loss sustained was caused by intervening or supervening events over which Defendants had or have no control.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Equitable Indemnity)**

To the extent that Plaintiff has suffered any damage as a result of any alleged act or omission of Defendants, which Defendants deny, Defendants are entitled to equitable indemnity according to comparative fault from other persons and/or entities causing or contributing to such damages, if any.

//

//

## TWELFTH AFFIRMATIVE DEFENSE

### (First Amendment)

Defendants' conduct is protected under the First Amendment of the United States Constitution and the California Constitution.  Plaintiff's proposed interpretation of provisions of the FDCPA must be rejected as it would place an unreasonable restraint upon Defendants' First Amendment rights, thereby raising serious constitutional issues.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Not Debt Collector)

Defendant Winn is a law firm and therefore is not a "debt collector" as defined by the Rosenthal Act.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Setoff)

To the extent that Plaintiffs have suffered any damage as a result of any alleged act or omission of Defendants, which Defendants deny, Defendants are, on information and belief, entitled to a setoff in the amount Plaintiffs owe on their unpaid account, including any recoverable interest and attorneys' fees.

WHEREFORE, Defendants requests judgment as follows:

1.   That Plaintiff takes nothing by the FAC, which should be dismissed with prejudice.

2.   That Defendants recover from Plaintiff costs according to proof.

3.   That Defendants recover attorneys' fees according to proof.

4.   That the Court orders such other further reasonable relief as the Court may deem just and proper.

//

1   DATED: April 5, 2012          SIMMONDS & NARITA LLP
                                  TOMIO B. NARITA
2                                 ARVIN C. LUGAY

3
                                  By:   s/Arvin C. Lugay
4                                       Arvin C. Lugay
                                        Attorneys for Defendants
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**PROOF OF SERVICE**

2

 I, Arvin C. Lugay, hereby certify that:

3

 I am employed in the City and County of San Francisco, California.  I am over

4

the age of eighteen years and not a party to this action.  My business address is 44

5

Montgomery Street, Suite 3010, San Francisco, California 94104-4816.  I am counsel

6

of record for the defendant in this action.

7

 On April 5, 2012, I caused the **ANSWER TO THE FIRST AMENDED**

8

**COMPLAINT** to be served upon the parties listed below via the Court's Electronic

9

Filing System:

10

**VIA ECF**

11

Joshua B. Swigart

12

josh@westcoastlitigation.com

13

Robert L. Hyde

bob@westcoastlitigation.com

14

Counsel for Plaintiff

15

 I declare under penalty of perjury that the foregoing is true and correct.

16

Executed at San Francisco, California on this 5th day of April, 2012.

17

18

By:   s/Arvin C. Lugay

Arvin C. Lugay

19

Attorneys for Defendants

20

21

22

23

24

25

26

27

28